UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUANGZHOU CAIZHI E-COMMERCE CO., LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> FRAMAR INTERNATIONAL, INC., a Canadian company; THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> *Defendants.* | Case No. 22-cv-02677 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Guangzhou Caizhi E-Commerce Co., Ltd. ("GZC"), for this patent-infringement Complaint against Framar International Inc. ("Framar") and The Partnerships and Unincorporated Associates Identified on Schedule A (collectively, "Schedule A Defendants"), alleges as follows:

## INTRODUCTION

1. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the hairclips shown in **Exhibit 1**, that infringe Plaintiff's patented design, U.S. Patent No. D918,473 (the "Infringing Products"). The Defendants sell their products online in a way to resemble Plaintiff's genuine products, while actually selling Infringing Products to unknowing consumers. Schedule A Defendants attempt to avoid liability by concealing both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## PARTIES AND JURISDICTION

**GZC**

2. Plaintiff is a corporation of China and the owner of U.S. Design Patent No. D918,473 (the "'473 Patent") titled "Hair Clip."

3. Plaintiff manufactures, offers to sell, and/or sells hairclips embodying the '473 Patent via online retailers such as its Amazon.com marketplace. Plaintiff has established its products as the first to market and has an established reputation and quality reviews.

4. Plaintiff's hair clips have been well received by customers who desire a comfortable and aesthetically appealing hair clip.

5. Plaintiff is the lawful owner of all rights, title, and interest in the '473 Patent. The '473 Patent was duly issued on May 4, 2021. Attached hereto as **Exhibit 2** is a true-and-correct copy of the '473 Patent.

6. Plaintiff has not granted a license or any other form of permission to any defendant in this action with respect to the design patented in the '473 Patent.

**Framar**

7. Framar International Inc. is a Canadian corporation headquartered in Niagara Falls, Ontario, Canada.

8. Framar is in the business of selling products, such as the Infringing Products, to hair salons, stylists, and consumers in the United States, including the State of Illinois, through its own website and on Amazon.com.

**Schedule A Defendants**

9. Schedule A Defendants, identified in **Schedule A**, are individuals and business entities who, upon information and belief, reside overseas, such as in the People's Republic of China. Schedule A Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under their internet stores. Each Schedule A Defendant targets the United States, including Illinois, and has offered to sell, and, on

information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

10. Schedule A Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of internet stores. On information and belief, Schedule A Defendants regularly create new online marketplace accounts on various platforms, as well as other unknown fictitious names and addresses. Such internet-store registration patterns are one of many common tactics used by the Schedule A Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

11. Even though Schedule A Defendants operate under multiple fictitious names, there are numerous similarities among their internet stores. The internet stores include notable common features beyond selling the exact same infringing products, including the same or similar product images, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

12. In addition to operating under multiple fictitious names, Schedule A Defendants in this case and defendants in other similar cases involving online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Schedule A Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

13. Further, infringers such as Schedule A Defendants typically operate multiple credit-card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take-down notices. On information and belief, Schedule A Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign bank accounts outside the jurisdiction of this Court.

**All Defendants**

14. Framar and the Schedule A Defendants (collectively, "Defendants"), without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '473 Patent, and continue to do so via their internet stores. Each internet store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

15. Defendants' infringement of the '473 Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

16. Defendants' infringement of the '473 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

17. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '473 Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

18. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

19. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

20. On information and belief, Defendants are subject to personal jurisdiction in this Court, consistent with the principles of due process and the Illinois Long Arm Statute, by virtue of their above-referenced activities and contacts within the state of Illinois and the Northern District of Illinois, and further because they purposefully availed and avail themselves of the privileges of doing business in Illinois.

21. On information and belief, a substantial part of the acts giving rise to the instant action occurred in the state of Illinois and the Northern District of Illinois.

22. Venue in this Court is proper under at least 28 U.S.C. §§ 1391(b)-(d).

**COUNT I: INFRINGEMENT OF U.S. DESIGN PATENT NO. D918,473 UNDER 35 U.S.C. § 271**

23. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '473 Patent.

24. This includes the infringement shown by the chart in **Exhibit 1** comparing the Infringing Products to the figures of the '473 Patent.

25. Infringement by Framar's representative product is shown in the chart below:

| Figures from the '473 Design Patent | Photos of Framar's Representative Infringing Product |
|---|---|
| FIG. 1 | |
| FIG. 2 | |
| FIG. 3 | |
| FIG. 4 | |

6






FIG. 9

26. Defendants have infringed the '473 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

27. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '473 Patent, Plaintiff will be greatly and irreparably harmed.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits under 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on any and all issues properly so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

- a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design;
- b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and
- c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

- a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;
- b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

      c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

C. Judgment that the '473 patent is valid and enforceable;

D. Judgment that Defendants have infringed and are infringing said patent;

E. Damages as Plaintiff shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of said patent, including all profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of said patent;

F. That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

G. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

H. Awards of any further relief as the Court deems just and proper.

Dated: May 20, 2022                              Respectfully submitted,

*/s/ Stephen J. Rosenfeld*
Stephen J. Rosenfeld
MCDONALD HOPKINS LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
Phone: (312) 280-0111
srosenfeld@mcdonaldhopkins.com

Gang "Gavin" Ye (*pro hac vice*)
Kris Teng (*pro hac vice*)
BAYES PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
Phone: (703) 995-9887

Fax: (703) 821-8128
gavin.ye@bayes.law
kris.teng@bayes.law

*ATTORNEYS FOR PLAINTIFF
BEIJING CHOICE ELECTRONIC
TECHNOLOGY CO., LTD.*